# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES DALTON BELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF JUSTICE, )<br>FEDERAL BUREAU OF PRISONS, )<br>and UNITED STATES ATTORNEY )<br>GENERAL, )<br>)<br>Respondents. ) | Case No. CIV 08-052-JHP |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, "for all pending and past criminal cases and prisoners." [Docket #1 at 1]. Petitioner has not paid the $5.00 filing fee or submitted a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1914(a) and § 1915. No filing fee is required, however, because the court lacks jurisdiction over the petition.

In a letter submitted with the petition, addressed to Chief Judge Payne, petitioner explains his petition "challenges the general criminal jurisdiction of each federal judge, including magistrates and appeals judges, over every federal criminal case." [Docket #3 at 1]. He asserts his petition "constructively informs [this] court and each judge that he must raise the subject of this challenge, sua sponte, as a habeas and/or Fed. R. Civ. P. 60(b)(4) in EACH pending and past criminal case." *Id*. Petitioner warns that a judge's failure to comply would amount to "'Judicial Misconduct' actionable under 28 U.S.C. 351/352, and will treated as such." *Id*. at 2. He further requests the Chief Judge to advise him of the court's

progress in complying with petitioner's directions. *Id.*

Petitioner currently is incarcerated at the United States Prison in Tucson, Arizona. He was convicted in the Western District of Washington, and sentenced to ten years' imprisonment for interstate stalking and for using facilities of interstate commerce for interstate stalking. *United States v. Bell*, 303 F.3d 1187, 1188 (9th Cir. 2002). His conviction was affirmed on appeal in a published opinion. *Id.*

As an initial matter, petitioner may not proceed on behalf of other inmates. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citing 28 U.S.C. § 1654, other citation omitted). "This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id.* (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Therefore, petitioner may not present the claims of other prisoners.

Construing the petition as a challenge to petitioner's own confinement, *see Haines v. Kerner*, 404 U.S. 519 (1972), this court lacks jurisdiction. A motion pursuant to 28 U.S.C. § 2255 must be filed in the sentencing court, and a § 2241 challenge to present physical confinement must be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004). This court did not sentence petitioner, and he is not confined within this district.

The court notes that petitioner has filed petitions in many other districts seeking the same relief sought here. *See, e.g.,* Order entered on January 25, 2008, in Case No. 07cv506-SPM-WCS in the Northen District of Florida (finding petitioner could not represent other inmates, and the court lacked jurisdiction because he was not sentenced or incarcerated in

2

that district); Order entered on December 10, 2007, in Case No. 07cv387-WSS in the Western District of Texas (also finding the court lacked jurisdiction and advising that submission of similar pleadings in the future would subject petitioner to assessment of an appropriate sanction); Order adopting Report and Recommendation, entered on January 23, 2008, in Case No. 07cv196-BAE-GRS in the Southern District of Georgia (same lack of jurisdiction and sanction warning; also noting "petitioner has filed identical or similar petitions in at least seventeen other districts during the last thirty days," so dismissal rather than transfer to the district of confinement was appropriate).

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus [Docket #1] is DENIED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 15th day of February 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma